## THOS. SWAN et al. *v.* SAML. VAUGHN.

**Partnership — Purchase of Land — Presumption as to Payment.**

A. and B. enter into an agreement to purchase land, A. assuring B. that the land would be paid for out of the partnership funds, they being at the time partners in the mercantile business: A., being the only active manager of the business, represented that such funds were more than sufficient to pay the entire consideration. *Held,* that in the absence of proof of a deficit of partnership funds, or of a settlement of partnership accounts, the prima facie presumption is that A. paid for the land as contemplated by both parties, with partnership means, either directly or indirectly.

**Same — Burden of Proof.**

Under such facts, the burden of showing either that there was no partnership funds appropriable to the purchase or that they had been otherwise accounted for and appropriated was upon A.

APPEAL FROM MARION CIRCUIT COURT.

April 18, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The multitudinous heirship of the appellants is sufficiently admitted for the maintenance of this action.

The proof falsifies the answer so far as to show indisputably that Samuel Swan was a joint and equal purchaser of the land. It also shows that Swan and Vaughn were mercantile partners and that Vaughn induced Swan to join him in the purchase by assuring him that he would pay for the land with partnership funds which he, the only active manager, represented as more than sufficient to pay the entire consideration.

And, there being no proof of a deficit of partnership funds, or even of any settlement of partnership accounts, the *prima facie* presumption is that Vaughn paid for the land, as contemplated by both parties, with partnership means, either directly or indirectly.

The facts and deductions imposed on the appellee, Vaughn, the burden of showing either that there were no partnership funds appropriable to the purchase or that they had been otherwise accounted for and appropriated, and that Swan, therefore, had abandoned the purchase.

It seems to us, therefore, that the converse did not devolve on the appellants under the pleadings and proofs, and that, consequently, the judgment dismissing their petition without prejudice, only because they would not so amend it as to show the opposite of what the appellee ought to have been required to show, was erroneous. Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Woods,* for Appellant.

*Roundtree & Fogle,* for Appellee.